<hr/>

## CASTAING *v.* STONE et al.

A party intending to appeal, in a case in which the testimony was not taken in writing, must require the adverse party, or his counsel, to draw jointly with him a statement of the facts proved in the case; and it is only after the refusal of the adversary to join in making the statement, or on the failure of the parties to agree as to the manner of drawing it up, that the judge can be called on for a statement, and this, though the party desiring to appeal was not present at the trial, either in person or by counsel. C. P. 602, 603.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Durant*, for the plaintiff. *Durell* and *Greiner*, for the appellants. The judgment of the court was pronounced by

KING, J. In this case a judgment by default was taken, which was made final against the defendants for the amount claimed in the plaintiff's petition. A part of the testimony adduced before the district judge appears not to have been reduced to writing. After the rendition of the final judgment, the defendants, suggesting an intention to appeal, took a rule on the plaintiff to show cause why the district judge should not make a statement of the facts proved on the trial, to be used in the appellate court. The rule was dismissed, on the ground that the defendants had not previously called on the plaintiff, or his counsel, to prepare the statement jointly with him. The record has therefore been brought up with only that part of the testimony which was taken in writing under commissions, and the clerk so certifies the transcript. On this certificate the plaintiff has moved to dismiss the appeal.

The judge did not, in our opinion, err in dismissing the rule. When the depositions of witnesses have not been taken in writing in the inferior court, art. 602 of the Code of Practice directs, that the party intending to appeal shall require the adverse party, or his counsel, to draw jointly with him a statement of the facts proved in the cause. It is only upon the refusal of his adversary to join in making the statement, or upon the failure of the parties to agree as to the manner of drawing it up, that the judge can be called on for a statement. C. P. 603.

The defendant contends that this rule can have no application to cases in which the party desiring to appeal was not present at the trial, either in person or by counsel, and could not consequently join in making the statement. That a call upon his adversary, under such circumstances, would have been a vain and empty form. In this view we can not concur. It is not to be presumed that an application to his adversary would have been unsuccessful, nor that a statement made by his counsel would have been unfaithful or unsatisfactory. An attorney is the sworn officer of the court, and his statements made under such circumstances must be considered as having been made under the obligations of his professional honor. Every presumption would be in favor of its

truthfulness and accuracy, as far as his recollection of the facts would enable him to render it so. Although the party desiring to appeal may not have been present at the trial, and may consequently be ignorant of the testimony of the witnesses, it does not follow that he would be dissatisfied with the statement furnished by his adversary. That statement might disclose all the facts upon which he wishes to rely on the appeal.

But, in addition to these considerations, the judge himself may well desire the previous statement of counsel before undertaking to prepare one. The attorney whose attention has been specially directed to the testimony in the preparation of the cause, who was present at the trial, and examined the witnesses, is generally better prepared to present an accurate statement of the facts proved than the judge, who may have heard the testimony for the first time on the trial, and must rely upon his memory, and upon imperfect notes, to retain the facts of that, and probably of a number of other causes heard on the same day. Although the statement of the adverse counsel may not be strictly correct, and may be rejected by the party requiring it, the judge would, in most instances, derive important aid from it in preparing his own statement, when that duty devolved upon him. We think that both the judge and the appellee have the right to insist on the strict observance of the rule prescribed by the Code of Practice.

In consequence of the neglect of the appellant to comply with this rule, an imperfect record has been brought up, containing only a part of the evidence adduced on the trial. The record contains no bill of exceptions, and the assignment of errors was filed after the expiration of the delay allowed by law. The motion to dismiss must consequently prevail.

*Appeal dismissed.*